

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09CR203–HEH
) Civil Action No. 3:12CV285–HEH
RONELL JONES, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Ronell Jones ("Jones"), a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 53) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Jones asserts that he failed to receive the effective assistance of counsel when counsel advised Jones to go to trial rather than plead guilty. Specifically, Jones swears:

> Jones had one prior conviction for drug offense that would trigger statutory minimum sentence. Government informed Movant's attorney that if he went to trial, it would file the required 21 U.S.C. § 851 information triggering 20-year sentence. Mr. Lassiter advised Jones that he would be facing the same sentence whether he proceeded to trial or pled guilty, and advised Jones that he had nothing to lose to go to trial, and advised him to do so accordingly. Had Jones pled guilty and § 851 information not been filed, Sentencing Guidelines would control since the statutory minimum sentence would have been less (ten years). The Guidelines sentence would have saved Jones at least 7.5 years of punishment.

(§ 2255 Mot. 5–6 (capitalization, punctuation and spacing corrected).) The Government has filed a response to the §2255 Motion. (ECF No. 56.)

Section 2255 requires that an evidentiary hearing be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Nevertheless, "[a]llegations of 'a vague, conclusory or palpably incredible nature' do not raise factual issues which require a full hearing." *Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). In *Raines*, the United States Court of Appeals for the Fourth Circuit listed three means of properly disposing of § 2255 motions: (1) summary dispositions; (2) dispositions on expanded records; and (3) evidentiary hearings. *Raines*, 423 F.2d at 529–30. "Letters, exhibits and other evidence not previously a part of the record may be considered by the court as part of the record in determining the necessity for an evidentiary hearing under Section 2255." *Id.* at 531 (citations omitted). "[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Here, the Court has reviewed Jones's § 2255 Motion upon an expanded record regarding the plea negotiations that occurred. Counsel for the Government filed a declaration from Jones's trial counsel, David Lassiter, (Gov't's Resp. Ex. 2 ("Lassiter Decl.")), notes from Lassiter's consultation with Jones regarding plea negotiations (Gov't's Resp. Ex. 1 ("Lassiter Notes")), and e-mails between the Government and Mary E. Maguire, Jones's initial counsel, regarding plea negotiations (Gov't's Resp. Ex. 3).

Jones, for his part, has tendered little to no admissible evidence.[1] As explained below, this record conclusively demonstrates that Jones is not entitled to relief.

## I. Standard for Ineffective Assistance of Counsel

The familiar *Strickland* standard governs claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that the Sixth Amendment guarantees a criminal defendant's right to reasonably effective assistance of counsel. *Id.* at 687. To prove a constitutional claim for ineffective assistance of counsel, the petitioner must first show that his or her counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must demonstrate actual prejudice from the deficiency. *Id.* at 694.

"During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771(1970)); *see Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Generally, claims of ineffective assistance of counsel in the plea process fall into three categories. First, "the [complete] failure of a defense attorney to timely inform his client of a plea offer constitutes unreasonable professional assistance." *United States v. Brannon*, 48 F. App'x 51, 53 (4th Cir. 2002) (citing *Paters v. United*

---

[1] The only sworn statement regarding his claim is the statement quoted on the first page of this Memorandum Opinion. Jones has submitted a Memorandum in Support of § 2255 Motion (ECF No. 54) and a Reply (ECF No. 58.) Neither of these documents is sworn to under penalty of perjury. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (observing that "unsworn argument does not constitute evidence"); *Venable v. Ray*, No. 3:07CV203, 2008 WL 3843448, at *6 n.6 (E.D. Va. Aug. 15, 2008) (citing *United States v. LaBonte*, 70 F.3d 1396, 1423 (1st Cir. 1995), *overruled on other grounds*, 520 U.S. 751 (1997)). "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits. *See, e.g.*, Rule 2, Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. "Facts alluded to in an unsworn memorandum will not suffice." *Venable*, 2008 WL 3843448, at *6 n.6 (quoting *LaBonte*, 70 F.3d at 1423).

*States*, 159 F.3d 1043, 1047–48 (7th Cir. 1998); *United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994)). Second, a defense attorney's inaccurate advice or misinformation in conveying a plea offer may constitute deficient assistance. *Brannon*, 48 F. App'x at 53 (citation omitted); *see also United States v. Merritt*, 102 F. App'x 303, 307–308 (4th Cir. 2004); *Wolford v. United States*, 722 F. Supp. 2d 664, 688 (E.D. Va. 2010) (concluding counsel was deficient where he "misled [the petitioner] into believing that she had some possibility of prevailing at trial on the basis of several non-viable defenses"). Third, incomplete advice in conveying a plea offer also may provide a basis for a claim of ineffective assistance of counsel. *See Wolford*, 722 F. Supp. at 689 (concluding "counsel's incorrect and incomplete legal advice to [the petitioner] during the plea negotiation process was objectively unreasonable" (citing *Strickland*, 466 U.S. at 688)); *see also United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (explaining that "a defendant has the right to make a reasonably informed decision whether to accept a plea offer" (citing *Hill*, 474 U.S. at 56–57; *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948))).

In the context of plea negotiations, the Supreme Court explained:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the court refusing to accept it . . . .

*Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1409 (2012).

## II. Summary of Pertinent Facts

### A. Initial Representation by Mary Maguire

On July 7, 2009, a four-count Indictment charged Jones with: (1) Count One: conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base; (2) Count Two: possession with intent to distribute cocaine base; (3) Count Three: possession of a firearm in furtherance of a drug trafficking crime; and (4) Count Four: possession of a firearm by a convicted felon. (Indictment 1–3, ECF No. 1.) Mary E. Maguire, Esquire initially represented Jones. (ECF No. 10, at 1.) On July 22, 2009, the matter was set for trial beginning on September 16, 2009. (*Id.*)

### B. Plea Negotiations Involving David Lassiter

On August 18, 2009, Jones retained David Lassiter to represent him. (Lassiter Decl. 1; *see* ECF Nos. 12–13.) Lassiter knew that:

> Count [O]ne carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment. Count [T]wo carried a mandatory minimum sentence of five years, and a maximum of forty years' imprisonment. Count [T]hree carried a mandatory (and consecutive) sentence of five years, and [C]ount [F]our carried a maximum sentence of ten years (with no minimum sentence).

(Lassiter Decl. 1.) Further, Lassiter knew that, "because [Jones] had previously been convicted of a serious drug offense, the United States could file an information and, in essence, double the mandatory minimum sentences for [C]ounts [O]ne and [T]wo," resulting in a mandatory minimum sentence of twenty (20) years for [C]ount [O]ne and ten (10) years for [C]ount [T]wo. (*Id.*) As explained below, Lassiter conveyed this information to Jones.

5

On September 2, 2009, Lassiter visited Jones and "explained the discovery provided by the Government, and showed the discovery to [Jones]." (*Id.* at 2.) Lassiter "also discussed with [Jones] the plea offer from the Government which involved him pleading guilty to Counts One and Three of the [I]ndictment, which would result in a minimum of 15 years' imprisonment. That offer was specifically rejected by [Jones], and he signed [Lassiter's] notes as such." (*Id.*) Jones expressed to Lassiter his willingness to "plead guilty to Counts Two and Three of the Indictment, for a minimum sentence of ten years." (*Id.*) Lassiter also discussed with Jones that they could

> argue that the police did not have reasonable, articulable suspicion prior to seizing the petitioner at his vehicle on the day of his arrest. [Lassiter] explained to [Jones] that if [they] filed this motion, the prosecutor may rescind the offer of pleading to [C]ounts [O]ne and [T]hree, and could immediately file the Section 851 enhancement, which would double the mandatory minimum sentences on both [C]ounts [O]ne and [T]wo. [Jones] acknowledged the risks and directed [Lassiter] to file the motion to suppress even though it may open him up to a larger sentence.

(*Id.*) Lassiter's contemporaneous notes support Lassiter's account and bear Jones's signature acknowledging that he faced a much larger minimum sentence than the offer of fifteen (15) years if he pursued a motion to suppress. (Lassiter Notes 1.)[2]

On September 4, 2009, Lassiter filed the Motion to Suppress. (ECF No. 14.) On September 9, 2009, after conducting hearing, the Court denied the Motion to Suppress. (ECF No. 17.)

---

[2] The Court employs the pagination assigned by CM/ECF for Lassiter's Notes.

On September 10, 2009, Lassiter again met with Jones to discuss the Government's offer to allow Jones to plead to Counts One and Three for a minimum sentence of fifteen (15) years. (Lassiter Decl. 3.) Lassiter informed Jones that the Government would file the § 851 enhancement if Jones insisted on going to trial. (*Id.*) Thereafter, Jones and Lassiter

> went over the Indictment count by count. . . . [and] the facts of the case in detail, to include the Government's discovery materials, specifically where the drugs and one of the guns were found by the police, and that this gun was found in a separate, zippered compartment in the same suitcase near the recovered drugs. (There was another gun found in the petitioner's apartment in a later search.)

(*Id.*)

Lassiter also

> went over the enhancement process in detail with the petitioner, to include explaining that the police found 32 grams of cocaine base in the petitioner's suitcase (with the gun in the separate compartment). Specifically, [Lassiter] explained that because the evidence on [C]ount [T]wo was very strong, going to trial to fight Count One would not benefit him because the enhanced minimum on Count Two (ten years), would be the same as the plea offer to Count One (without the enhancement).

(*Id.*)[3] Jones "acknowledged that he understood the enhancement process" and "explicitly stated that he was willing to risk 25 years to life imprisonment by pleading not guilty and going to trial." (*Id.* at 3–4.) Again, Jones signed Lassiter's contemporaneous notes reflecting his understanding of the above facts. (Lassiter Notes 3.)

---

[3] Lassiter explained to Jones "that the Government would accept a conditional plea to [C]ounts [O]ne and [T]hree, and allow [Jones] to appeal the motion to suppress, and if [he] won that appeal, the case would be dismissed." (Lassiter Decl. 3.)

7

### C. Trial and Sentencing

On September 11, 2009, the Government filed its notice of intention to seek enhanced sentences in light of Jones's prior felony drug offense. (ECF No. 19, at 1–2.) On September 17, 2009, after a bench trial, the Court convicted Jones of all four counts in the Indictment. On December 21, 2009, the Court sentenced Jones to 300 months of imprisonment. (J. 2, ECF No. 30.)

### III. Analysis

As explained above, ineffective assistance of counsel claims with respect to plea negotiations generally fall into three categories of attorney error: (1) the complete failure of defense counsel to timely inform his client of a plea offer; (2) a defense attorney's inaccurate advice or misinformation in conveying a plea offer to his client; and (3) incomplete advice in conveying a plea offer to a client. Jones suggests that his counsel provided inaccurate or incomplete advice, thus his claim implicates only the second and third categories of alleged attorney malfeasance. As explained below, in all relevant respects, the record conclusively demonstrates that Lassiter provided accurate and complete advice to Jones with respect to his plea.

As previously noted, the only pertinent evidence Jones provided regarding counsel's alleged deficiency is as follows:

> Jones had one prior drug conviction for drug offense that would trigger statutory minimum sentence. Government informed Movant's attorney that if he went to trial, it would file the required 21 U.S.C. § 851 information triggering 20-year sentence. Mr. Lassiter advised Jones that he would be facing the same sentence whether he proceeded to trial or pled guilty, and advised Jones that he had nothing to lose to

8

> go to trial and advised him to do so accordingly. Had Jones pled guilty and § 851 information not been filed, Sentencing Guidelines would control since the statutory minimum sentence would have been less (ten years). The Guidelines sentence would have saved Jones at least 7.5 years of punishment.

(§ 2255 Mot. 5–6 (capitalization, punctuation and spacing corrected).) Jones does not dispute the portions of the record that reflect that he was aware that if he rejected the offer to plead to Counts One and Three of the Indictment, the Government would file a notice of intent to seek enhanced sentences, resulting in a mandatory minimum sentence of twenty (20) years for Count One and ten (10) years for Count Two. Additionally, Jones does not dispute that he knew he faced a consecutive mandatory minimum sentence of five (5) years for Count Three, resulting in a statutory sentencing range of twenty-five (25) years to life if convicted of all counts after a trial.

Nevertheless, despite a detailed record that reflects Lassiter informed Jones of the increased sentence he faced if he rejected the Government's plea offer and proceeded to trial, Jones states that "Mr. Lassiter advised Jones that he would be facing same sentence whether he proceeded to trial or pled guilty, and advised Jones that he had nothing to lose to go to trial, and advised him to so accordingly." (§ 2255 Mot. 5.)[4] Jones makes no effort to reconcile this statement with his signature on Lassiter's contemporaneous notes of their plea discussion which reflect Lassiter informed Jones, and Jones understood the

---

[4] Jones has not submitted any evidence as to when Lassiter allegedly made this statement. To the extent Lassiter made this statement after the Government had already filed the § 851 enhancement, the statement accurately reflects that Jones had nothing to lose by proceeding to trial. Nevertheless, the Court construes Jones to allege that counsel made this statement before the Government filed the § 851 enhancement. (*See* Mem. Supp. § 2255 Mot. 12–13.) Furthermore, Jones has not submitted any evidence that reflects he was unaware of the strength of Government's case against him if he went to trial.

9

increased sentences Jones faced if he went to trial. *See United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004) (observing that conclusory assertions do not "entitle a habeas petitioner to an evidentiary hearing"); *cf. Alba v. Merrill Lynch & Co.*, 198 F. App'x 288, 300 (4th Cir. 2006) ("'A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.'" (quoting *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984))).

The United States Court of Appeals for the Fourth Circuit has observed that, "[c]hoosing between conflicting affidavits without a hearing may be reasonable when one affidavit is cryptic or conclusory with respect to a contested issue of fact and the other affidavit sets out a detailed account of events." *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007) (citing *United States v. McAtee*, 481 F.3d 1099, 1103 (8th Cir. 2007); *United States v. Perez*, 393 F.3d 457, 464 (4th Cir. 2004)).[5] Here, Lassiter's detailed account of events is confirmed by Jones's signature on Lassiter's Notes. The United States Supreme Court has recognized that, in some instances, "expansion of the record will provide 'evidence against a petitioner's extra-record contentions . . . so overwhelming as to justify a conclusion that an . . . [allegation] does not raise a substantial issue of fact.'" *Blackledge v. Allison*, 431 U.S. 63, 82 n.25 (1977) (quoting *Moorhead v. United States*, 456 F.2d 992, 996 (3d Cir. 1972)). That is the case here.

Jones's suggestion that he was unaware of the impact of the § 851 enhancement on his sentencing exposure, and that Lassiter told him "he would be facing the same

---

[5] In *Strong*, the Fourth Circuit concluded the Supreme Court of Virginia did not act unreasonably when it accepted trial counsel's detailed account of events over his client's "cryptic" account. *Strong*, 495 F.3d at 140.

sentence whether he proceeded to trial or pled guilty and advised Jones that he had nothing to lose to go to trial," (§ 2255 Mot. 5), are palpably incredible, given Jones's endorsement of Lassiter's Notes. *See United States v. Watson*, 432 F. App'x 778, 778 (10th Cir. 2011) (concluding the defendant's "contemporaneous statement renders [his] current assertion that he was unaware of the plea agreement completely incredible"); *cf. United States v. Streater*, 70 F.3d 1314, 1321 (D.C. Cir. 1995) ("We conclude that the district court clearly erred in crediting trial counsel's testimony at the § 2255 hearing that he gave [the petitioner] correct legal advice when trial counsel's documented contemporaneous statements show the contrary."). Accordingly, Jones fails to demonstrate that Lassiter provided materially incomplete or inaccurate advice in conjunction with the discussion of whether to plead guilty prior to the Government's filing of the § 851 enhancement. Furthermore, Jones has failed to demonstrate that any erroneous advice of counsel caused him to reject the Government's offer to allow Jones to plead guilty to Counts One and Three of the Indictment.

Accordingly, because he fails to demonstrate deficiency or prejudice, Jones's ineffective assistance of counsel claim will be dismissed. The § 2255 Motion (ECF No. 53) will be denied, and the action will be dismissed. Jones's Motion for the Status and Disposition (ECF No. 61) will be denied as moot, and the Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

                                                                         /s/
                                            Henry E. Hudson
                                            United States District Judge

Date: May 28, 2015
Richmond, Virginia