IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
NOV 19 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR203–HEH |
| ) | Civil No. 3:09CV285–HEH |
| RONELL JONES, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on May 29, 2015, the Court denied on the merits a motion pursuant to 28 U.S.C. § 2255 filed by Ronell Jones. *United States v. Jones*, Nos. 3:09CR203–HEH, 3:09CV285–HEH, 2015 WL 3456591, at *6 (E.D. Va. May 29, 2015). On July 10, 2015, the Court received from Jones a "Motion Seeking Relief from Judgment/Motion to Alter or Amend Judgment." (ECF No. 64 (capitalization corrected).) Because Jones filed the foregoing motion within twenty-eight (28) days of the entry of the May 29, 2015 Memorandum Opinion and Order,[1] the Court will consider the motion as a motion for relief under Federal Rule of Civil Procedure 59(e) (hereinafter "Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403

---

[1] The Court deems Jones's Rule 59(e) Motion filed as of June 24, 2015, the date he handed it to prison staff for mailing. (Rule 59(e) Mot. 5); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

(4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Jones fails to demonstrate any basis for granting relief under Rule 59(e). Instead, Jones seeks leave to amend his § 2255 motion to include an affidavit and further factual support that "will overcome the Court's objections and criticism of his pro se habeas pleadings." (Rule 59(e) Mot. 4.) However, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)). Accordingly, Jones's Rule 59(e) Motion (ECF No. 64) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jones has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Jones and counsel of record.

It is so Ordered.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 19, 2015
Richmond, Virginia